**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3244-16T3

IN RE APPLICATION FOR
PERMIT TO CARRY A HANDGUN
OF CALVIN CARLSTROM

_____

Submitted September 12, 2018 – Decided  September 21, 2018

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Union County.

Evan F. Nappen, attorney for appellant Calvin Carlstrom (Louis P. Nappen, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent State of New Jersey (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Petitioner Calvin Carlstrom appeals a Law Division judge's February 2, 2017 order denying his application to carry a handgun in his capacity as a security guard for AMC Movie Theaters.  We affirm.

In June 2016, petitioner applied for a permit to carry a handgun. On his application, he listed his occupation as "Security Guard" and his employer as "Global Security Services." He also submitted three endorsements to his good moral character and behavior and his ability to exercise self-control, certificates of various firearms training, and an employment application for a security guard position. Additionally, petitioner submitted a letter from John DeVino, the Director of Operations at Global Security Services, explaining that

> Mr. Calstrom will be performing his duties at AMC movie theaters in New Jersey. His duties include the protection of life, as well as cash transfers in the theaters. Large amounts of cash are moved across common areas of the theaters requiring an armed escort. Additionally, movie theaters have been included in Homeland Security documents and press releases as "soft targets" for terrorists and have been in the news on several occasions recently for episodes of firearms-related violence, necessitating an armed presence.

In October 2016, the Roselle Park Police Chief approved petitioner's application. On February 2, 2017, after evaluating petitioner's application and submissions, Judge William A. Daniel denied petitioner's application without a hearing. In a supporting written statement of reasons, Judge Daniel, relying on N.J.S.A. 2C:58–4(d) and the Supreme Court's decisions in In re Preis, 118 N.J. 564 (1990) and Siccardi v. State, 59 N.J. 545 (1971), explained that

petitioner's application did not establish any "justifiable need" for him to carry a handgun. Judge Daniel stated:

> In the instant case, no specific or serious threats or previous attacks were cited to by the applicant in the letter dated May 26, 2016. Applicant failed to establish that he, in the course of his described employment, will be subjected to a substantial threat of serious bodily harm and that carrying a handgun is necessary to reduce the threat of unjustifiable serious harm to any person. In short, the applicant has failed to meet the rather stringent requirements under our case law and, as such, applicant's request for a permit to carry a handgun is [denied].

We affirm, based on the sound reasons set forth in the Judge Daniel's statement of reasons, adding only the following comments.

"[E]mployees of a private-security agency have [no] preferred right by virtue of their status to obtain a permit to carry a gun." Preis, 118 N.J. at 566. Thus, petitioner was required to comply with N.J.A.C. 13:54–2.4, which provides:

> (d) Each application form shall also be accompanied by a written certification of justifiable need to carry a handgun, which shall be under oath and which:
> . . . .
> 2. In the case of employees of private detective agencies, armored car companies and private security companies, that:
>
> > i. In the course of performing statutorily authorized duties, the applicant is subject

3

> to a substantial threat of serious bodily harm; and
>
> ii. That carrying a handgun by the applicant is necessary to reduce the threat of unjustifiable serious bodily harm to any person.

We agree with Judge Daniel's conclusion that petitioner failed to establish a "justifiable need" and we reject petitioner's claims that Judge Daniel applied the incorrect standard in evaluating his application.

Petitioner also asserts he was denied due process. He argues he should have been afforded a hearing and that the judge should have heard testimony from the Roselle Park Police Chief regarding the reasons for granting the permit. Petitioner has cited no authority to support his argument that a hearing is required in matters involving perfunctory licensing applications or that the court must hear testimony from the chief of police who reviewed an application. Significantly, he was afforded the opportunity to provide with his application the information necessary to satisfy the statutory criteria.

Likewise, we find that petitioner's reliance on In re Cayuse Corp. LLC, 445 N.J. Super. 80 (App. Div. 2016), is misplaced. In Cayuse, this court addressed N.J.S.A. 2C:58-2, which deals with the retailing of firearms and has different procedural requirements than N.J.S.A. 2C:58-4. Id. at 84. Because

Cayuse dealt with a different statute with different requirements than the statute at issue in this case, we decline to extend its hearing requirement to cases concerning applications under N.J.S.A. 2C:58-4.

In this case, the text of N.J.S.A. 2C:58-4 is clear as to when a hearing is required. "Any person aggrieved by the denial by the chief police officer or the superintendent of approval for a permit to carry a handgun may request a hearing in the Superior Court . . . ." N.J.S.A. 2C:58-4(e). "If the superintendent or chief police officer approves an application and the Superior Court denies the application and refuses to issue a permit, the applicant may appeal such denial in accordance with law and the rules governing the courts of this State." Ibid. "When the Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids." State v. Shelley, 205 N.J. 320, 323 (2011) (citation omitted). Because the text of N.J.S.A. 2C:58-4(e) is clear as to when a hearing is required, we reject petitioner's argument that Cayuse entitled him to an evidentiary hearing.

Petitioner's contention that the statute as applied to him violates the separation of powers doctrine is also unavailing. As our Supreme Court has explained:

So concerned is the Legislature about this licensing process that it allows only a Superior Court judge to issue a permit, after applicants first obtain approval from their local chief of police. In this (as perhaps in the case of election laws) the Legislature has reposed what is essentially an executive function in the judicial branch. We have acceded to that legislative delegation because "[t]he New Jersey Legislature has long been aware of the dangers inherent in the carrying of handguns and the urgent necessity of their regulation," although we "might well have declined the designation" because the "functions . . . were clearly non-judicial in nature." Siccardi v. State, 59 N.J. 545, 553 (1971).

[Preis, 118 N.J. at 569.]

Finally, we find petitioner's argument that N.J.S.A. 2C:58-4's "justifiable need" standard violates the Second Amendment to be without merit. This court has previously determined that New Jersey's "justifiable need" standard comports with the United States Supreme Court's recent Second Amendment decisions:

We cannot conclude that the Amendment or the Court's recent decisions require this State to dismantle its statutory scheme addressing the risks of misuse and accidental use in public places devised long ago and developed over many years. This scheme is crafted to burden the exercise of the right to use handguns for lawful purposes as little as possible, without abandoning this effort to maintain order and safety in public places.

[In re Wheeler, 433 N.J. Super. 560, 617 (App. Div. 2013).]

We have considered petitioner's remaining arguments and find them to be without sufficient merit to warrant further discussion in a written opinion. R. 2:11–3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION